UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

Jennifer Palmer,

    Plaintiff,

v.

Thomas J. Vilsack,
Secretary of Agriculture,

    Defendant.

Case Number  1:22-cv-311

## Complaint & Jury Demand

1. The Plaintiff, Jennifer Palmer, sues Defendant, Thomas J. Vilsack, Secretary of Agriculture, for discrimination and harassment based on mental disability and reprisal.

2. The Honorable Court has original jurisdiction.

3. Venue is appropriate in Gainesville, Florida as Plaintiff worked for Defendant in Alachua County, Florida.

4. Defendant employs nearly 100,000 employees.

5. Defendant is the Secretary of Agriculture.

6. Plaintiff has a disability.

1

7. Specifically, Plaintiff has anxiety, panic disorder, agoraphobia and depression.

8. Plaintiff is a disabled veteran.

9. Complainant has worked for the federal government for decades.

10. Plaintiff worked for Defendant in Gainesville, Florida from February 13, 2022 through March 18, 2022.

11. Plaintiff notified the responsible management official on or about March 8, 2022 about her specific disability.

12. The responsible management official did not know about agoraphobia, so Plaintiff explained the condition to him.

13. Plaintiff requested a reasonable accommodation on or about March 7, 2022.

14. Plaintiff requested a quieter place to work.

15. Defendant cast Plaintiff in a false light shortly after requesting a reasonable accommodation.

16. Defendant terminated Plaintiff less than two weeks after she notified the responsible management official of her disability and requested a reasonable accommodation.

17. Plaintiff notified the Equal Employment Opportunity Counselor (EEO) of the discrimination, harassment and reprisal on March 21, 2022.

18. Plaintiff received a notice of right to file on April 28, 2022.

19. On May 2, 2022, Plaintiff filed her formal complaint.

20. On June 9, 2022, a letter of acceptance was issued to Plaintiff.

21. Defendant issued a report of investigation on September 8, 2022.

22. Defendant issued a Final Agency Decision (FAD) on October 13, 2022.

23. The FAD notified Plaintiff that she had the right to file a civil action in federal district court pursuant to 29 C.F.R. § 1614.110(b).

24. Defendant must be a model employer of individuals with disabilities. See 29 C.F.R. § 1614.203(c).

25. Defendant was prohibited from discriminating against Plaintiff because of her disability. See 29 C.F.R. § 1614.203(b).

26. Unfortunately, Defendant did in fact discriminate against Plaintiff because of her disability and Defendant was not a model employer.

27. Plaintiff has a right to file her civil action in U.S. District Court. See 29 C.F.R. § 1614.310(a).

28. Plaintiff files this complaint within 30 days of receiving the FAD.

29. Plaintiff has exhausted all necessary administrative procedures.

30. Plaintiff has a disability.

31. Defendant knew that Plaintiff has a disability.

32. Plaintiff suffered the ultimate adverse employment action because of her disability.

33. Plaintiff was qualified to do her job.

34. The responsible management official has bias against Plaintiff because of her disability.

35. Plaintiff explicitly explained her condition of agoraphobia to the responsible management official on or about March 7, 2022.

36. The responsible management official knew that Plaintiff suffered from anxiety, panic disorders, agoraphobia and depression.

37. The responsible management official did not want to work Plaintiff because of her disability.

38. The discriminatory animus and conduct of the responsible management official must be imputed upon Defendant.

39. The responsible management official was not a model employer.

40. Defendant as a matter of course provides employees more than a month to settle into their position.

41.	The termination of Plaintiff after such a short duration is abnormal.

42.	Plaintiff did not engage in any conduct that justified her termination.

**Count I - Discrimination**

43.	Plaintiff reincorporates paragraphs 1 through 42 as if fully stated herein.

44.	Defendant treated Plaintiff differently than other similarly situated employees, who did not have a mental health disability.

45.	Defendant scrutinized Plaintiff harshly because of her disability.

46.	Defendant terminated Plaintiff in whole or in part because of her disability.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, compensatory damages, reinstatement, if reinstatement is not feasible then front pay, prejudgment interest, post judgment interest, attorney's fees and costs.

**Count II – Failure to Accommodate**

47.	Plaintiff reincorporates paragraphs 1 through 42 as if fully stated herein.

48.	Plaintiff has a disability.

49.	Defendant is required to provide a reasonable accommodation.

50. Defendant had notice of Plaintiff's disability.

51. Plaintiff's reasonable accommodation request did not create an undue hardship upon Defendant.

52. Plaintiff needed a quieter location to perform her work.

53. This request was made because of her mental health.

54. Plaintiff could perform the essential job functions of her position.

55. Defendant refused to accommodate Plaintiff.

56. Defendant's failure to accommodate Plaintiff led in whole or part to the termination of Plaintiff.

57. Defendant did not engage in good faith discussions to accommodate Plaintiff.

58. Plaintiff was open minded about exploring all the accommodation possibilities.

59. The simple fact was that the responsible management official did not want to accommodate Plaintiff.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, compensatory damages, reinstatement, if reinstatement is not feasible then front pay, prejudgment interest, post judgment interest, attorney's fees and costs.

**Count III – Reprisal**

60. Plaintiff reincorporates paragraphs 1 through 42 as if fully stated herein.

61. Plaintiff engaged in protected activity on or about March 7, 2022.

62. Plaintiff requested a reasonable accommodation.

63. The responsible management official knew that Plaintiff had a disability and requested a reasonable accommodation.

64. Defendant took adverse actions towards to Plaintiff such as additional scrutiny of her employment in retaliation of Plaintiff's request for a reasonable accommodation.

65. Defendant sought to dissuade Plaintiff from asking for a reasonable accommodation.

66. Defendant terminated Plaintiff in whole or in part because she requested a reasonable accommodation.

67. The temporal connection between protected activity to termination was less than two weeks.

68. Defendant had given other non-disabled employees longer time to learn their position.

69. Defendant did not give Plaintiff adequate time to grow with the Agency.

70. Defendant retaliated against Plaintiff.

Wherefore, Plaintiff demands trial by jury, judgment, back pay, compensatory damages, reinstatement, if reinstatement is not feasible then front pay, prejudgment interest, post judgment interest, attorney's fees and costs.

Respectfully submitted this 11th day of November 2022,

>/s/ *Bernard R. Mazaheri*
>Bernard R. Mazaheri
>Florida Bar Number 643971
>Mazaheri & Mazaheri
>PO Box 656
>Frankfort, Kentucky 40602
>Tel – (502) 475-8201
>Email – bernie@thelaborfirm.com
>
>*Counsel for Plaintiff Jennifer Palmer*